Steven A. Marenberg (101033)
(smarenberg@irell.com)
Josh B. Gordon (244818)
(josh.gordon@irell.com)
Ryan A. Ward (278699)
(rward@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff
DISNEY ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHASE 4 FILMS, INC., a Canadian corporation, PHASE 4 FILMS (USA) LLC, a Delaware limited liability company, and Does 1-10,<br><br>Defendants. | Case No. 13-CV-9401-RSWL<br><br>**DECLARATION OF STEVEN A. MARENBERG IN SUPPORT OF DISNEY ENTERPRISES, INC.'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2944538

# DECLARATION OF STEVEN A. MARENBERG

I, Steven A. Marenberg, declare as follows:

1. I am partner at the law firm of Irell & Manella LLP, counsel of record for Plaintiff Disney Enterprises, Inc. ("DEI") in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I make this Declaration in support of DEI's application for an order granting leave to take expedited discovery. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On Friday, December 20, 2013, Irell & Manella LLP filed the complaint in this action on behalf of DEI in the United States District Court, Central District of California. Named as defendants are Phase 4 Films, Inc. and Phase 4 Films (USA) LLC (collectively, "Phase 4" unless indicated to the contrary). A true and correct copy of the Complaint is attached hereto as Exhibit A. The Complaint alleges two claims against Phase 4—trademark infringement and unfair competition—both brought under Section 43(a) of the federal Lanham Act. On both counts, DEI intends to move within the next 30 days for a preliminary injunction against Phase 4.

3. Both counts of the Complaint arise out of the same unlawful activity by Phase 4. As described more particularly in the Complaint, DEI owns intellectual property rights relating to the acclaimed animated motion picture *FROZEN,* which premiered on November 19, 2013, after an extensive promotion and marketing campaign using the following two marks: the *FROZEN* Trademark Logo and the *FROZEN* Blue Oval, which are pictured respectively below:



*FROZEN* Trademark Logo

*FROZEN* Blue Oval

4.  As also alleged in the Complaint, Phase 4 has commenced distributing in the United States an animated motion picture originally called *The Legend of Sarila* when it was released in the United States on November 1, 2013. I am informed that the picture generated minimal box office revenues. However, Phase 4 has now changed the name of the *Sarila* picture to *FROZEN LAND*, and is promoting the renamed picture in home entertainment markets using trademarks virtually identical to the *FROZEN* Trademark Logo and *FROZEN* Blue Oval. A comparison of DEI's *FROZEN* marks and the Phase 4 marks for *The Legend of Sarila*—as renamed *FROZEN LAND*—appears below:

IELLA LLP
nited Liability
ip Including
orporations

 

5.  In support of its intent to seek preliminary injunctive relief, DEI has filed an *Ex Parte* Application for Expedited Discovery. The limited discovery sought by DEI is attached hereto as Exhibit B. It consists of one set of seven document production requests and a single deposition notice pursuant to Fed. R. Civ. P. 30(b)(6).

6.  In framing this discovery on behalf of DEI, we have sought to seek narrow, targeted discovery on some of the discrete issues that will be before the Court on the forthcoming preliminary injunction motion. (Obviously, this discovery is but a small subset of discovery DEI will ultimately seek over the course of this case.) For example, virtually all of the document requests and the deposition topics are geared to eliciting information concerning Phase 4's knowledge of *FROZEN* and the marks used to promote that picture and the reasons Phase 4 changed the names and marks of *The Legend of Sarila* to *FROZEN LAND* (and the design of the associated marks) so as to make the name and the marks virtually identical to the *FROZEN* marks. Phase 4's intent is one of the most important factors in determining whether a mark is misleading and likely to cause confusion under the analysis mandated by the Ninth Circuit in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

7.  Not only have we endeavored to narrowly target and limit the scope of the discovery sought on an expedited basis, but we have also sought to give Phase 4 as much time as possible to return this discovery. The document production requests are returnable on January 9 and the corporate deposition is noticed for

January 14 so as to give Phase 4 as much time as possible to respond to discovery, yet still permit DEI to bring a preliminary injunction motion and have it heard before *FROZEN* is released in home entertainment markets (*i.e.*, in formats such as DVD and Blu-Ray, and as digital downloads from retailers like iTunes) in late February and mid March 2014—when the likelihood of consumer confusion and the harm to DEI will be particularly acute.

8. The interests of justice support leave to take discovery on an expedited basis and a waiver of notice to opposing counsel under Local Rule 7-19.2. As noted, the standard time periods and rules for taking discovery under the Federal Rules would not permit DEI to receive any discovery in time to file its preliminary injunction motion as described above. Thus, an order granting leave to conduct this limited discovery on an expedited basis is necessary and warranted

9. As of the filing of the Complaint and the *Ex Parte* Application, I was not aware, and am not aware, of the name, address, or telephone number of any counsel for Phase 4. As such, I was unable to contact opposing counsel before filing the foregoing *Ex Parte* Application. We are serving the Complaint and the papers concerning this *Ex Parte* Application on Phase 4 at its offices in Los Angeles, South Carolina, and Ontario, Canada, and on its Agent for Service of Process in Delaware.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2013 at Los Angeles, California.

Steven A. Marenberg