COPY

Steven A. Marenberg (101033)
(smarenberg@irell.com)
Josh B. Gordon (244818)
(josh.gordon@irell.com)
Ryan A. Ward (278699)
(rward@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiff
DISNEY ENTERPRISES, INC.

FILED
CLERK, U.S. DISTRICT COURT
DEC 2 0 2013

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHASE 4 FILMS, INC., a Canadian corporation, PHASE 4 FILMS (USA) LLC, a Delaware limited liability company, and Does 1-10,<br><br>Defendants. | Case No. CV13-9401 RSWL-MANx<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Disney Enterprises, Inc. ("DEI") for its Complaint against Defendants Phase 4 Films, Inc. and Phase 4 Films (USA) LLC (together, "Phase 4"), and Does 1-10 (with Phase 4, "Defendants") alleges as follows:

## I. INTRODUCTION

1. One of this year's most acclaimed and successful motion pictures is *FROZEN*, a feature-length animated picture released by DEI's affiliate, Walt Disney Pictures, shortly before Thanksgiving in November 2013. *FROZEN* is slated for release in DVD and other home entertainment formats in early 2014. Its prospects for continued success in that market are also bright, with millions of copies of the picture likely to be purchased by consumers in brick and mortar stores such as Wal-Mart and Best Buy or at online retailers such as iTunes and Amazon.com. The theatrical release of *FROZEN* was carefully planned and executed over an extended period of time: Marketing for the picture showing its key artwork and title logo debuted in movie theatres and other media nationwide in June 2013. A coordinated, wide-ranging public merchandising campaign using the same titles, logos, and designs began in September 2013.

2. On November 1, 2013, less than three weeks before the Hollywood premiere of *FROZEN* on November 19, Phase 4 theatrically released an animated picture entitled *The Legend of Sarila*, which generated minimal box office revenues and received no significant critical attention. Accordingly, that picture's prospects for achieving success in the home entertainment market were uncertain at best. Knowing of Disney's imminent release of *FROZEN*, however, Phase 4 suddenly changed the title of *The Legend of Sarila* ("Sarila" being the name of a lush, abundant, and non-frigid mythical land) to *FROZEN LAND,* a title deceptively and confusingly similar to *FROZEN*. Phase 4 also redesigned the artwork, packaging, logo, and other promotional materials for its newly (and intentionally misleadingly) retitled film to mimic those used by DEI for *FROZEN* and related merchandise. In fact, Phase 4's redesigned logo, as depicted below on its DVD cover, is nearly identical to *FROZEN's* logo, shown below on a toy's packaging:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 2 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION



The near identity to *FROZEN's* logo rules out coincidence or accident.

3. Phase 4's conduct is unlawful. It is proscribed by, among other statutes, the federal Lanham Act. In this action, DEI seeks, among other things, preliminary and permanent injunctive relief and damages to remedy Defendants' actions.

## II. JURISDICTION AND VENUE

4. This is a complaint for Trademark Infringement and False Advertising arising under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a), 101 et seq.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Sec. 1338(a) and 15 U.S.C. Sec. 1121.

6. This Court has personal jurisdiction over Defendants because, among other things, Defendants conduct and solicit business in this jurisdiction and, on information and belief, distribute motion pictures and associated consumer products that are the subject matter of this Complaint in this jurisdiction.

7. Venue is proper in this district under 28 U.S.C. Sec. 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district.

## III. THE PARTIES

8. DEI is, and at all times relevant hereto has been, a corporation organized and existing under the laws of Delaware, with a principal place of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 3 -


COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

business at 500 South Buena Vista Street, Burbank, California 91521. Among other things, DEI owns trademark rights in feature-length motion pictures produced and distributed by affiliated companies of The Walt Disney Company and/or their predecessors in interest. A significant aspect of DEI's business is the licensing of the characters and other original elements featured in the motion pictures of its Disney affiliates.

9. DEI is informed and believes, and on that basis alleges, that Defendant Phase 4 Films, Inc. is, and at all times relevant hereto has been, a corporation organized and existing under the laws of Canada, with a principal place of business in Canada, but doing business in the United States and in the State of California, including in this judicial district and elsewhere.

10. DEI is informed and believes, and on that basis alleges, that Defendant Phase 4 Films (USA) LLC is a Delaware limited liability company that operates as Phase 4 Films, Inc.'s business entity for the distribution of motion pictures in the United States and in the State of California, including in this judicial district and elsewhere.

11. DEI is currently unaware of the true names and capacities, whether individual, corporate, or otherwise, of Does 1 through 10, and therefore sues these defendants by fictitious names. Each Doe defendant in some way participated in, contributed to, or was responsible for the matters alleged in this Complaint. When DEI learns the true name and capacity of a Doe defendant, DEI will amend this pleading to allege that defendant's true name and capacity, together with such other allegations as may be appropriate.

### IV. FACTUAL BACKGROUND

#### A. The Motion Picture *FROZEN*

12. On November 19, 2013, the Disney animated motion picture *FROZEN* premiered in Hollywood. The title is a trademark of DEI. *FROZEN* tells the story of Anna, a young princess whose sister, the Snow Queen, freezes her kingdom;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 4 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Anna then journeys with her brave (but funny) companions to save her kingdom from an eternal winter. Since its debut, *FROZEN* has been exhibited in more than 3,700 theatres across the United States and is reported to have generated cumulative box office receipts of more than $170 million.

### B. The Distinctive *FROZEN* Trademarks

13. As part of the development of *FROZEN*, a distinctive logo for the "Frozen" trademark was created to promote the picture (the "*FROZEN* Trademark Logo"). The *FROZEN* trademark and the *FROZEN* Trademark Logo are as follows:



As used in a promotional poster for *FROZEN*, it appears as follows:



14. As is apparent, the *FROZEN* Trademark Logo is highly distinctive, including capital letters with jagged, uneven edges, dramatic flourishes on the letters, and an elongated R and Z that cradle the most prominent element—a stylized O that curves into itself and does not close entirely.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 5 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

15. The *FROZEN* trademark and the *FROZEN* Trademark Logo have been used and featured prominently on all marketing materials for the picture. They are featured on an internet website promoting the picture (http://movies.disney.com/frozen), as well as on all media marketing or promoting the picture. They appear in the picture itself, as well as at every theatre where the picture is exhibited or advertised, and on television, internet, and print advertising.

16. *FROZEN* was the subject of trailers, the first of which was released in theatres in June 2013 to run at the beginning of the Disney/Pixar box-office hit, *Monsters University* and, like all of its other promotional material, used the distinctive trademark and the *FROZEN* Trademark Logo. These trailers were shown in theatres, on television, and on the internet, including through, *inter alia*, iTunes, YouTube and Facebook. DEI is informed and believes, and on that basis alleges, that these trailers have been viewed by millions of people since the first trailer was released.

### C. The Distinctive *FROZEN* BLUE OVAL

17. The release of *FROZEN* was coordinated with a licensing program pursuant to which the design, manufacture, promotion, distribution, and sale of an array of merchandise based on the characters, themes, and artwork of *FROZEN* were licensed. DEI and its affiliates and licensees expended substantial resources in developing this program which includes books, software, apparel, toys, promotional merchandise, and a range of other consumer products.

18. A key component of the licensing program was the development of the *FROZEN* trademark in conjunction with distinctive trade dress to distinguish *FROZEN* and to assist consumers in associating licensed merchandise with the Disney motion picture. That trade dress was developed over a substantial period of time—well in advance of the theatrical release—and distributed in the form of style guides to licensees so that the licensees could design, manufacture, and promote associated merchandise coordinated with the theatrical release of *FROZEN*. The

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 6 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

first style guide, containing the *FROZEN* Trademark Logo and the *FROZEN* Blue Oval referenced below, was made available to thousands of licensees as of January 2013. Licensed *FROZEN* merchandise was available to the public in or around September 2013.

19.  As part of the *FROZEN* licensing program, the *FROZEN* trademark and *FROZEN* Trademark Logo appear on licensed *FROZEN*-associated merchandise in a distinctive context: They are placed in white on top of a royal blue oval with a pattern of flourishes and a floral design surrounding the perimeter of the oval in a lighter shade of blue (the "*FROZEN* Blue Oval"). The flourishes and floral design is a form of rosemaling, a decorative folk art believed to have originated in Norway that Disney used to tie the trademark to the story of *FROZEN*, which takes place in a mythical kingdom surrounded by mountains and fjords inspired, in part, by Norway. The *FROZEN* Blue Oval is as follows:



As used on licensed *FROZEN*-associated merchandise it appears as follows:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations



#### D. Phase 4 Intentionally Changed the Name and the Logo of Its Movie

20. The animated picture *The Legend of Sarila* was produced in Canada by CarpeDiem Film & TV and 10th Ave Productions. As described by its original Canadian producers, *The Legend of Sarila* tells "the story of a voyage of initiation in which three young Inuit go in search of Sarila, a promised land, hoping to save their clan from famine." *The Legend of Sarila* had a theatrical release outside of the United States in the spring of 2013, using the following title logo:



21. DEI is informed and believes, and on that basis alleges, that Phase 4 acquired the rights to distribute *The Legend of Sarila* in the United States in or around June 2013 and that Phase 4 released the film theatrically in the United States in or around November 1, 2013 as *The Legend of Sarila*.

22. The picture *The Legend of Sarila* was then released and marketed in home entertainment formats in the United States on or about November 5, 2013, but not under its original title. Rather, DEI is informed and believes, and on that basis

alleges, that Phase 4 renamed the film *FROZEN LAND* prior to its November release in commerce in home entertainment formats. DEI is further informed and believes, and on that basis alleges, that Phase 4 did so to profit from the November 2013 theatrical release of Disney's *FROZEN* and the associated marketing efforts in commerce that DEI and its affiliates invested in *FROZEN* prior to and after that theatrical release. Through the advertising and promotion of *FROZEN*, including through trailers and in other media, the *FROZEN* trademark, the *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval acquired distinctiveness with people throughout the country prior to November 5, 2013.

23. Phase 4 created packaging and a logo for the new title *FROZEN LAND* as follows:



24. As is apparent from the face of the *FROZEN LAND* logo, despite the infinite options available to it, Phase 4 intended its logo to replicate the *FROZEN* Trademark Logo of Disney's *FROZEN*. For example, the *FROZEN LAND* logo also includes jagged, uneven edges on the lettering, dramatic flourishes on the letters, and an elongated R and Z that cradle a stylized O that curves into itself and does not close entirely. In addition, the word "frozen" is significantly larger than the word "land." The two logos are nearly identical:

- 9 -
2942322
COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations



25. In addition, Phase 4 intended its logo to be a near carbon-copy of the *FROZEN* Blue Oval. For example, the *FROZEN LAND* logo places the *"FROZEN LAND"* title in white on a royal blue oval that, in addition to the title, includes decorative flourishes and floral designs surrounding the perimeter in a lighter shade of blue—flourishes and floral designs that are strikingly similar to the rosemaling used in the *FROZEN* Blue Oval. The following depicts the near identical form of the two ovals:

 

26. DEI did not authorize Defendants' use of the title *FROZEN LAND*, the *FROZEN* Trademark Logo, or the *FROZEN* Blue Oval.

27. DEI is informed and believes, and on that basis alleges, that consumers have been and will continue to be confused as to the origin of Phase 4's film *FROZEN LAND* and that, as a result of such confusion, DEI has suffered and will suffer irreparable harm as a result.

//
//
//

# FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT OF THE *FROZEN* TRADEMARK, THE *FROZEN* TRADEMARK LOGO, AND THE *FROZEN* BLUE OVAL

(Lanham Act § 1125(a)(1)(A))

28. DEI incorporates paragraphs 1-27 set forth above as if set forth in full herein.

29. The *FROZEN* trademark is distinctive and, by virtue of the substantial investment and widespread promotion and distribution of the animated motion picture bearing the title, has acquired distinctiveness as an exclusive indicator of origin for the motion picture *FROZEN* and associated licensed merchandise.

30. Defendants use a copy, variation, simulation, or colorable imitation of the *FROZEN* trademark in connection with their own production, marketing, advertising, promotion, distribution, and sale of *FROZEN LAND*. Defendants' use of this title is explicitly misleading and not authorized by DEI, and its use is expressly misleading and likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 43 of the Lanham Act. 15 U.S.C. §1125(a)(1)(A).

31. The *FROZEN* Trademark Logo is distinctive and, by virtue of the substantial investment and widespread promotion and distribution of the animated motion picture bearing the title in the *FROZEN* Trademark Logo, it has acquired distinctiveness as an exclusive indicator of origin for the animated motion picture *FROZEN* and associated licensed merchandise.

32. The *FROZEN* Blue Oval is distinctive and, by virtue of the substantial investment and widespread promotion and distribution of the animated motion picture bearing the title in the *FROZEN* Trademark Logo as well as licensed merchandise bearing the *FROZEN* Blue Oval, it has acquired distinctiveness as an exclusive indicator of origin for the animated motion picture *FROZEN* and associated licensed merchandise.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 11 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Defendants' selection, incorporation, and use of the *FROZEN* trademark, the *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval, and/or copies, variations, simulations, or colorable imitations thereof, were made with full knowledge of the prior and extensive use of DEI's FROZEN trademark, the *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval, and were done with a conscious intent to expressly mislead and confuse the consuming public.

34. Defendants' acts alleged herein were willful and deliberate and have harmed DEI in an amount to be determined at trial and such damage will increase unless Defendants are enjoined from their wrongful actions.

35. Defendants' infringing use of the *FROZEN* trademark, the *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval is causing immediate and irreparable injury to DEI and to its goodwill and reputation and will continue to damage DEI and confuse the public unless enjoined by this Court. DEI has no adequate alternative remedy at law to an injunction.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### (Lanham Act § 1125(a)(1)(A))

36. DEI incorporates paragraphs 1-35 set forth above as if set forth in full herein.

37. Defendants' marketing, advertising, promoting, distributing, and selling of Defendants' *FROZEN LAND* in commerce using copies, variations, simulations, or colorable imitations of the *FROZEN* trademark, *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval is without authority of license from DEI. The conscious use of copies, variations, simulations, or colorable imitations of the *FROZEN* trademark, *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval, combined with the express or implied representation that the film originated with, is associated with, or is endorsed or approved by DEI, together with a release date intended to capitalize on DEI's substantial marketing investment in *FROZEN* and associated

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 12 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

merchandising, constitute unfair competition in violation of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A).

38. Consumers are likely to be misled and deceived into believing, based on Defendants' representations and conduct in connection with the marketing, advertising, promoting, distributing, and selling of Defendants' *FROZEN LAND* that Defendants' film is associated with, sponsored, or approved by DEI when no such association, sponsorship, or approval exists.

39. DEI is informed and believes, and based on that basis alleges, that Defendants' selection, incorporation and use of the *FROZEN* trademark, *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval, and/or copies, variations, simulations, or colorable imitations thereof, were made with full knowledge of the prior and extensive use of DEI's *FROZEN* trademark, *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval and were done with an intent to deceive the consuming public.

40. Defendants' acts alleged herein were willful and deliberate and have harmed DEI in an amount to be determined at trial, and such damage will increase unless Defendants are enjoined from their wrongful actions.

41. Defendants' infringing use of the *FROZEN* trademark, *FROZEN* Trademark Logo, and the *FROZEN* Blue Oval is causing immediate and irreparable injury to DEI and to its goodwill and reputation and will continue to damage DEI and to confuse the public unless enjoined by this Court. DEI has no adequate alternative remedy at law to an injunction.

**PRAYER FOR RELIEF**

WHEREFORE, DEI prays for judgment against Defendants as follows:

1. That preliminary and permanent injunctive relief issue restraining Defendants, their officers, agents, servants, employees, representatives, successors and assigns, attorneys, and all those in active concert or participation with them from:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 13 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

a. Using the *FROZEN* trademark, *FROZEN* Trademark Logo, and/or the *FROZEN* Blue Oval, or any element thereof that makes Defendants' use confusingly similar to these, in the marketing, promotion, distribution, and/or sale of any motion picture in any format, including on DVD, Blu-Ray, and digital downloads, or of any related goods and/or services; or

b. Infringing the *FROZEN* trademark, *FROZEN* Trademark Logo, and/or the *FROZEN* Blue Oval, unfairly competing with DEI, or otherwise injuring DEI's business reputation in any manner;

2. That Defendants shall destroy all DVDs, DVD covers, posters, publications, software, brochures, labels, signs, or other promotional material that use the *FROZEN* trademark, *FROZEN* Trademark Logo, and/or the *FROZEN* Blue Oval, specifically including the distinctive title treatment and logo;

3. That Defendants shall pay DEI compensatory damages and lost profits in an amount according to proof;

4. That Defendants shall pay DEI actual damages as calculated pursuant to 15 U.S.C. § 1117(a);

5. That DEI be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

6. That DEI be awarded its costs in bringing this action;

7. That DEI be awarded all such other and further relief as the Court deems just and proper.

Dated: December 20, 2013                IRELL & MANELLA LLP

By: _____
Steven A. Marenberg
Attorneys for Plaintiff
DISNEY ENTERPRISES, INC.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 14 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## DEMAND FOR TRIAL BY JURY

DEI hereby demands a trial by jury on all causes of action and issues properly triable to a jury.

Dated: December 20, 2013          IRELL & MANELLA LLP

By: _____
Steven A. Marenberg
Attorneys for Plaintiff
DISNEY ENTERPRISES, INC.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2942322

- 15 -

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION